FILED
CLERK, U.S. DISTRICT COURT
JUL 30 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARDELL JOE, | No. CV 18-6390-JLS (PLA) |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | |
| WILLIAM MUNIZ, | |
| Respondent. | |

Wardell Joe ("petitioner"), a state prisoner, filed a habeas petition in this Court on July 24, 2018 (the "2018 Petition"). He filed a previous habeas petition in this Court on January 4, 2017, in Case No. CV 17-43-JLS (PLA) (the "2017 Petition"), which is currently stayed. (See Case No. CV 17-43, ECF No. 24).

A.  **RELEVANT PROCEDURAL HISTORY**

The record reflects the following procedural history: in 2004 in the Los Angeles County Superior Court, petitioner was convicted of special circumstance felony murder as an aider and abettor and sentenced to life without the possibility of parole. (ECF No. 1 at 2, 19). On September 15, 2016, the California Court of Appeal granted petitioner habeas relief, finding that

there was insufficient evidence to support the special circumstance finding, and remanded the matter for resentencing. (Id. at 19, 34).

On January 4, 2017, after the California Court of Appeal granted habeas relief but before petitioner was resentenced by the trial court, petitioner filed his 2017 Petition in this Court. On March 29, 2017, the trial court resentenced petitioner to fifty-five years to life in state prison, which petitioner appealed. (Case No. CV 17-43, ECF No. 33-1 at 1-3). On July 24, 2017, this Court issued an order staying the 2017 Petition pending the resolution of petitioner's state court appeal. (Case No. CV 17-43, ECF No. 24).

On April 19, 2018, the California Court of Appeal granted relief in part, and again remanded petitioner's case for resentencing. (ECF No. 33-1 at 9). On June 21, 2018, the remittitur in petitioner's appellate case was filed. A hearing in the trial court on the remittitur is scheduled to take place on August 15, 2018. (ECF No. 33-3 at 1; Los Angeles County Superior Court Criminal Case Summary for Case No. BA240172 at http://www.lacourt.org).

On July 24, 2018, before any resentencing proceeding had taken place in the trial court, petitioner filed the instant 2018 Petition. A review of the 2017 Petition and 2018 Petition shows some overlap of claims (e.g., Grounds Three and Four of the 2017 Petition are also raised in the 2018 Petition as, respectively, Grounds Seven and Three). The 2018 Petition also contains numerous new claims (i.e., Grounds One, Two, Four, Five, and Six), while certain claims raised in the 2017 Petition were not raised in the 2018 Petition.

**B.    YOUNGER ABSTENTION**

Younger[1] abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). Younger abstention requires dismissal of the

---

[1]   Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

federal action. Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex Cnty. Ethics Comm., 457 U.S. at 431; Dubinka v. Judges of Super. Ct. of the State of Cal., Cnty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Super. Ct., Santa Clara Cnty., 883 F.2d 810, 813 (9th Cir. 1989). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending). Because petitioner presumably requests that this Court order the State of California to dismiss the charges against him, and because petitioner may have additional constitutional claims stemming from his resentencing that the state appellate courts have not yet had the opportunity to address, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. Younger, 401 U.S. at 46; see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

All of the Younger criteria are satisfied in this case. First, petitioner's state court proceedings are ongoing as he has not yet been resentenced for the second time by the trial court. Second, as noted by the Younger Court, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 52; thus, the ongoing state proceedings implicate important state interests. Third, because the resentencing will result in a new judgment (see Gonzalez v. Sherman, 873 F.3d 763, 769 (9th Cir. 2017)), petitioner has an adequate state forum in which to pursue his claims. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Thus, to the extent petitioner seeks to have this Court preemptively issue an order before he has even been resentenced or appealed such a sentence

if warranted, such an order would threaten interference in the state criminal proceedings in a manner disapproved of in Younger. See Younger, 401 U.S. at 44 (purpose of restraint on equity jurisdiction is to leave states "free to perform their separate functions in their separate ways").

Because the Younger requirements are satisfied in the present case, abstention is required unless extraordinary circumstances exist. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (Younger abstention is not discretionary once the conditions are met). Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on a "flagrantly and patently" unconstitutional statute (see Middlesex Cnty. Ethics Comm., 457 U.S. at 435, 437) or, for instance, when the petitioner raises a "colorable claim of double jeopardy" in a pretrial habeas petition. Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Additionally, irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (internal quotations omitted) (quoting Younger, 401 U.S. at 46). Upon review of the 2017 and 2018 Petitions, it does not appear that the circumstances of petitioner's case fall within any recognized exception to the Younger doctrine.

For the foregoing reasons, it appears that Younger abstention is appropriate in this case. The Court emphasizes, however, that its disposition of the 2018 Petition under this principle would not bar federal review of any timely filed claims; rather, it would delay consideration of the claims until such time as federal review will not disrupt the state judicial process.

C.  **CONCLUSION**

As set forth above, petitioner has now filed two federal petitions challenging the same conviction and that have some overlapping claims. The 2017 Petition in Case No. CV 17-43 is currently stayed while petitioner's state court proceedings are ongoing. It is not at all clear to the

Court why, at this time and in light of the current state court proceedings, petitioner filed the instant 2018 Petition.[2]

Accordingly, petitioner is **ordered to show cause, no later than August 20, 2018**, why the 2018 Petition should not be dismissed as premature pursuant to the Younger abstention doctrine. Under the circumstances here, to satisfy this Order to Show Case, petitioner is **granted leave to file an Amended Petition in Case No. CV 17-43.** If he elects to do so, the Amended Petition must be filed **by August 20, 2018**, bear the docket number assigned to the 2017 Petition (CV 17-43-JLS (PLA)), and clearly be labeled "AMENDED PETITION." The Amended Petition must utilize the form petition that will accompany this Order, and must be completely filled out and contain ALL of the claims from the 2017 Petition and the 2018 Petition that petitioner intends to pursue, as he may not pursue federal habeas relief in a piecemeal fashion. In particular, petitioner in the Amended Petition must specify separately and concisely each and every federal constitutional claim that he seeks to raise, and answer all of the questions pertaining to each claim, including whether each claim has been raised in the California Supreme Court. That is, **all claims that petitioner intends to bring before this Court must be in one document.** If petitioner files an Amended Petition in Case No. CV 17-43, the 2018 Petition in Case No. CV 18-6390-JLS (PLA) will then be dismissed.

Alternatively, if petitioner agrees that the 2018 Petition should be dismissed without prejudice pursuant to the Younger abstention doctrine, but does not file an Amended Petition in Case No. CV 17-43, he may file a notice of voluntary dismissal of Case No. CV 18-6390 pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal

---

[2] The Court notes that in a criminal case, because "[t]he sentence is the judgment," a change to a defendant's sentence is a change to his judgment. Gonzalez, 873 F.3d at 769 (emphasis omitted, citation omitted). Thus, when petitioner is resentenced by the trial court, he will again have a new judgment which he may challenge "without regard to the limitation on second-or-successive petitions even if the [subsequent] petition challenges only undisturbed portions of the original judgment." United States v. Buenrostro, 2018 WL 3400535, at *3 (9th Cir. July 13, 2018) (quotations and citation omitted); see also 28 U.S.C. § 2244(b).

5

of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

**Petitioner is advised that his failure to timely respond to this Order, as set forth herein, will result in the 2018 Petition being dismissed pursuant to the Younger abstention doctrine, as well as for failure to prosecute and follow court orders.**

DATED: July 30, 2018

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.