UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARDELL JOE,<br><br>            Petitioner,<br><br>     v.<br><br>WILLIAM MUNIZ,<br><br>            Respondent. | No. CV 18-6390-JLS (PLA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

**I.**

**BACKGROUND**

Wardell Joe ("petitioner"), a state prisoner, filed a habeas petition in this Court on July 24, 2018 (the "2018 Petition"). He filed a previous habeas petition in this Court on January 4, 2017, in Case No. CV 17-43-JLS (PLA) (the "2017 Petition"), which is currently stayed. (See Case No. CV 17-43, ECF No. 24).

The record reflects the following procedural history: in 2004 in the Los Angeles County Superior Court, petitioner was convicted of special circumstance felony murder as an aider and abettor and sentenced to life without the possibility of parole. (ECF No. 1 at 2, 19). On September 15, 2016, the California Court of Appeal granted petitioner habeas relief, finding that

there was insufficient evidence to support the special circumstance finding, and remanded the matter for resentencing. (Id. at 19, 34).

On January 4, 2017, after the California Court of Appeal granted habeas relief but before petitioner was resentenced by the trial court, petitioner filed his 2017 Petition in this Court. On March 29, 2017, the trial court resentenced petitioner to fifty-five years to life in state prison, which petitioner appealed. (Case No. CV 17-43, ECF No. 33-1 at 1-3). On July 24, 2017, the Magistrate Judge issued an order staying the 2017 Petition pending the resolution of petitioner's state court appeal. (Case No. CV 17-43, ECF No. 24).

On April 19, 2018, the California Court of Appeal granted relief in part, and again remanded petitioner's case for resentencing. (Case No. CV 17-43, ECF No. 33-1 at 9). On June 21, 2018, the remittitur in petitioner's appellate case was filed. A hearing in the trial court on the remittitur is scheduled to take place on November 15, 2018. (Case No. CV 17-43, ECF No. 38-1 at 1).

However, on July 24, 2018, before any resentencing proceeding had taken place in the trial court, petitioner filed the 2018 Petition. A review of the 2017 Petition and the 2018 Petition reflected some overlap of claims (e.g., Grounds Three and Four of the 2017 Petition are also raised in the 2018 Petition as, respectively, Grounds Seven and Three). The 2018 Petition also contained numerous new claims (i.e., Grounds One, Two, Four, Five, and Six), while certain claims raised in the 2017 Petition were not raised in the 2018 Petition.

Based on the foregoing circumstances, on July 30, 2018, the Magistrate Judge ordered petitioner to show cause why the 2018 Petition should not be dismissed as premature pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As a way to satisfy that order, the Magistrate Judge granted petitioner leave to file an Amended Petition in Case No. CV 17-43. If he chose to file an Amended Petition in Case No. CV 17-43, petitioner was directed to include all the claims from the 2017 Petition and the 2018 Petition that petitioner intended to pursue. The Magistrate Judge also stated that, alternatively, if petitioner agreed that the 2018 Petition should be dismissed, he could file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (See ECF No. 3).

1 | Subsequently, the Court received from petitioner two Amended Petitions. One Amended Petition was labeled with case number CV 17-43-JLS (PLA). The other Amended Petition was labeled with case number CV 17-43-JLS (PLA) as well as the case number of the instant action, CV 18-6390-JLS (PLA). A review of the two Amended Petitions showed that they contained the identical six grounds for relief. Thus, it appeared that the Amended Petition bearing only the case number CV 17-43-JLS (PLA) contained the totality of federal habeas claims from both petitioner's 2017 and 2018 habeas actions that petitioner intended to pursue in federal court, and that the other Amended Petition bearing the case numbers of both the 2017 and 2018 actions was simply duplicative. (ECF No. 4).

Based on the foregoing, on August 20, 2018, the Magistrate Judge informed petitioner that it would be appropriate to dismiss the 2018 Petition, and thus ordered the Amended Petition bearing only Case No. CV 17-43 to be filed. The Magistrate Judge then ordered petitioner to file a response by no later than September 4, 2018, indicating whether he agreed with the determination regarding the dismissal of the 2018 Petition. If he agreed that dismissal was appropriate, petitioner was directed to file a Rule 41 notice of voluntary dismissal. On the other hand, if petitioner disagreed with the determination to dismiss the 2018 action, petitioner was ordered to file a response setting forth the reasons why he contends the 2018 Petition should not be dismissed. Petitioner was also advised that his failure to timely respond to the Magistrate Judge's August 20, 2018, Order, would result in the dismissal of the 2018 Petition pursuant to the <u>Younger</u> abstention doctrine, as well as for failure to prosecute and follow court orders. (ECF No. 4).

To date, petitioner has not filed the ordered response.[1]

/
/
/

---

[1] On September 7, 2018, petitioner filed a notice of change of address. (ECF No. 5). On September 12, 2018, the Magistrate Judge directed the Court clerk to send petitioner a copy of the Magistrate Judge's August 20, 2018, Order at his new address, and extended the time for filing his response to October 5, 2018. (ECF No. 6).

## II.

## **DISCUSSION**

**A.  YOUNGER ABSTENTION**

Younger[2] abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). Younger abstention requires dismissal of the federal action. Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex Cnty. Ethics Comm., 457 U.S. at 431; Dubinka v. Judges of Super. Ct. of the State of Cal., Cnty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Super. Ct., Santa Clara Cnty., 883 F.2d 810, 813 (9th Cir. 1989). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending). Because petitioner presumably requests that this Court order the State of California to dismiss the charges against him, and because petitioner may have additional constitutional claims stemming from his resentencing that the state courts have not yet had the opportunity to address, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. Younger, 401 U.S. at 46; see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

---

[2]   Younger, 401 U.S. at 43-54.

All of the Younger criteria are satisfied in this case. First, petitioner's state court proceedings are ongoing as he has not yet been resentenced for the second time by the trial court. Second, as noted by the Younger Court, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 52; thus, the ongoing state proceedings implicate important state interests. Third, because the resentencing will result in a new judgment (see Gonzalez v. Sherman, 873 F.3d 763, 769 (9th Cir. 2017)), petitioner has an adequate state forum in which to pursue his claims. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Thus, to the extent petitioner seeks to have this Court preemptively issue an order before he has even been resentenced or appealed such a sentence if warranted, such an order would threaten interference in the state criminal proceedings in a manner disapproved of in Younger. See Younger, 401 U.S. at 44 (purpose of restraint on equity jurisdiction is to leave states "free to perform their separate functions in their separate ways").

Because the Younger requirements are satisfied in the present case, abstention is required unless extraordinary circumstances exist. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (Younger abstention is not discretionary once the conditions are met). Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on a "flagrantly and patently" unconstitutional statute (see Middlesex Cnty. Ethics Comm., 457 U.S. at 435, 437) or, for instance, when the petitioner raises a "colorable claim of double jeopardy" in a pretrial habeas petition. Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Additionally, irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (internal quotations omitted) (quoting Younger, 401 U.S. at 46). Upon review of the 2017 and 2018 Petitions, it does

not appear that the circumstances of petitioner's case fall within any recognized exception to the Younger doctrine.

For the foregoing reasons, abstention pursuant to Younger is appropriate in this case. The Court emphasizes, however, that its disposition of the 2018 Petition under this principle would not bar federal review of any timely filed claims; rather, it would delay consideration of the claims until such time as federal review will not disrupt the state judicial process.

**B.      FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to a petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Here, the first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's August 20, 2018, Order hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Given petitioner's failure to respond to the August 20, 2018, Order as ordered by the Magistrate Judge, petitioner has not discharged this responsibility. Under these circumstances, and given that petitioner is still able to pursue his habeas claims in Case No. CV 17-43, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. As of the date of this Order, petitioner has failed to respond as required by the Magistrate Judge in the August 20, 2018, Order. Moreover, as mentioned supra, if the 2018 Petition is dismissed, petitioner still has the opportunity to pursue his habeas claims in his pending 2017 habeas action.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's August 20, 2018, Order.

/
/
/
/
/
/

## III.

## **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** pursuant to Younger, 401 U.S. at 43-54, and for failure to prosecute and follow court orders.

DATED: November 16, 2018

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE